UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LEONARD A. TAYLOR, JR.,

            Petitioner,

            v.                        CASE NO.: 3:18-CV-450-JD-MGG

WARDEN,

            Respondent.

OPINION AND ORDER

Leonard A. Taylor, Jr., a prisoner without a lawyer, was convicted of attempted robbery while armed with a deadly weapon in cause number 20C01-1407-F3-000003 following a guilty plea. On April 16, 2015, the Elkhart Circuit Court sentenced him to fourteen years of incarceration. Taylor filed the instant habeas corpus petition under 28 U.S.C. § 2254 to challenge that conviction and sentence. The court ordered the Warden to respond pursuant to Section 2254 Habeas Corpus Rule 5, and he did so on October 22, 2018. ECF 9. Despite being reminded by the court to file his traverse by December 3, 2018 (ECF 11), Taylor has not filed a traverse or otherwise responded.

The statute of limitations for habeas corpus cases is set forth in 28 U.S.C. § 2244(d), which provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Question 18 on the habeas corpus petition sets forth the text of the statute and asks for an explanation as to why the petition is timely. In response, Taylor wrote:

Prisoner Taylor's guilty plea resulted from an illusory threat he had to serve an executed sentence and was not voluntarily and intelligently entered in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article One Section Twelve of the Indiana Constitution. Continue with Taylor's counsel failed to advise him that his sentence could be suspended but instead advise court that it could 'not' only applys (sic) to offenders with a felony background which Taylor didn't have to have him subject to ineffective assistance of counsel and bringing fraud to trial court Rule 8.4(b) under professional rule of conduct. Taylor is subject to being able to file his § 2254 because he has not gone over the 1 year statute of limitations to file this form in respect of 28 U.S.C. § 2254(d).

ECF 2 at 15. Nothing in that answer or any other part of the petition indicates State action impeded Taylor from filing a habeas corpus petition sooner, that his claims are based on a newly recognized constitutional right that has been made retroactive on

collateral review, or that newly discovered evidence applies to save his claims. Therefore, 28 U.S.C. § 2244(d)(1)(B), (C), and (D) do not establish the start of the limitation period.

Rather, the 1-year limitation period began to run pursuant to 28 U.S.C. § 2244(d)(1)(A) when Taylor's conviction became final upon the expiration of the time to pursue direct review or the expiration of the time for seeking such review. Here, Taylor was sentenced on April 16, 2015, and he did not file a direct appeal. ECF 9-1 at 8.[1] Thus, his conviction became final on Monday, May 18, 2015. *See* Ind. App. R. 9(A)(1) (appeal must be filed within 30 days of final judgment); *see also* Ind. App. R. 25(B) (if last day of time period falls on a non-business day, the period runs until the end of the next business day). His 1-year limitation period began to run the next day—Taylor had until May 18, 2016, to seek federal habeas relief or file a State petition for post-conviction relief that would serve to toll the federal limitations period pursuant to § 2244(d)(2).

The limitations period was tolled when Taylor filed a post-conviction relief petition in cause number 20C01-1604-PC-000022 on April 29, 2016. ECF 9-2 at 1.[2] By then, 347 days of his 365 day (1-year) period of limitation had expired and only 18 days remained. The trial court denied the petition on May 3, 2017. *Id*. at 4. Taylor filed a

---

[1] *See also State of Indiana v. Taylor*, No. 20C01-1407-F3-000003 (Elkhart Cir. Ct. filed July 9, 2014), available online at:
https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6Ik9fVWd0cXltWj ZVdW04OXpyc2s0MDU0eTNiMVgzNWZFREp5UVNJY0lzY0ExIn19 (last visited Jan. 6, 2020).

[2] *See also Taylor v. State of Indiana*, No. 20C01-1604-PC-000022 (Elkhart Cir. Ct. filed Apr. 29, 2016), available online at:
https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6ImU5Q0VsT3ZS ZFFtTDNLWDNEcW5lYWVmSU9GMVZpXy03eGlwajRjcTFaNzAxIn19 (last visited Jan. 6. 2020).

notice of appeal which was docketed as cause number 20A04-1705-PC-001149 on May 31, 2017, and the trial court's decision was affirmed by the Indiana Court of Appeals on December 19, 2017. ECF 9-3 at 2, 4.[3] Taylor filed a petition to transfer to the Indiana Supreme Court, which was denied on March 15, 2018. *Id.* at 4. The limitations period began running again the next day, and it expired on April 2, 2018. Thus, when Taylor filed the instant federal habeas petition on June 11, 2018, he was more than two months too late.[4]

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must grant or deny a certificate of appealability. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). For the reasons explained in this opinion, there is no basis for encouraging Taylor to proceed further. Thus, a certificate of appealability will be denied. For the same reasons,

---

[3] *See also Taylor v. State of Indiana*, No. 20A04-1705-PC-001149 (Ind. Ct. App. filed May 31, 2017), available online at:
https://public.courts.in.gov/mycase/#/vw/CaseSummary/eyJ2Ijp7IkNhc2VUb2tlbiI6IlFHWDdYSVc4UWNTU0hvSDFBVElQMm1zSFBTejFWaXpjMVh0aTAwLUlIX0UxIn19 (last visited Jan. 6, 2020).

[4] Notably, Taylor does not acknowledge that his petition is untimely or argue that equitable tolling applies to save it. Moreover, nothing in his petition suggests that there is any new evidence that would support a claim of actual innocence.

he may not appeal in forma pauperis because an appeal could not be taken in good faith.

For these reasons, the court:

(1) DISMISSES the habeas petition (ECF 2) as untimely;

(2) DENIES Leonard A. Taylor, Jr., a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on January 7, 2020

_____/s/JON E. DEGUILIO_____
JUDGE
UNITED STATES DISTRICT COURT